```
                   UNITED STATES DISTRICT COURT

                   EASTERN DISTRICT OF LOUISIANA


TIMOTHY ST. JOHN                                    CIVIL ACTION

VERSUS                                              NO. 05-1503

EPIC DIVERS, INC. AND HORIZON                       SECTION F
OFFSHORE CONTRACTORS, INC.
```

<u>ORDER AND REASONS</u>

Before the Court is the plaintiff's Motion for Partial Summary Judgment.  For the reasons that follow, the plaintiff's motion is denied.

<u>Background</u>

Epic Divers Inc. employed Timothy St. John as a commercial diver.  Epic assigned the plaintiff to bury an underwater pipeline off the coast of Texas.  As part of his job, the plaintiff lived on the American Horizon, a vessel owned by Horizon Offshore Contractors.

During an offshore dive on March 21, 2005, Mr. St. John experienced dizziness, nausea and vertigo.  He immediately came up to the surface, and his symptoms continued for approximately twelve hours.  On March 25, 2005, he returned to work.  During another offshore dive, he again experienced the same symptoms.  He immediately returned to the surface and was taken to the hospital, where he was diagnosed with probable round and oval window fistula.  This lawsuit followed.

1

The plaintiff pleads that he continues to display symptoms of round and oval window fistula. He remains in Pensacola, Florida, where he is under the care of Dr. Derek Jones. As a result of his conditions, the plaintiff claims that he cannot dive, fly, or drive.

The plaintiff now seeks partial summary judgment, asserting maintenance and cure payments have been wrongfully withheld.[1] Specifically, the plaintiff asks for (i) an increase in maintenance from $30.00 to $36.50 per day;[2] (ii) reimbursement for taxi transportation for medical care and food purchases; (iii) reimbursement for taxi transportation to Galveston, Texas, and other expenses associated with this trip; (iv) reimbursement for curative medical treatment; and (v) attorney's fees and costs associated with this motion.

## I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary

---

[1] The plaintiff moves for partial summary judgment against "defendants," thereby implicating both defendants, namely his employer, Epic, and the vessel owner, Horizon Offshore Contractors. However, "[m]aintenance, cure, and wages remain...the particular responsibility of the employer...[n]either policy nor precedent permits a seaman to sue a nonemploying owner in personam for maintenance, cure, and wages." Baker v. Raymond Int'l, Inc., 656 F.2d 173, 185 (5th Cir. 1981).

[2] Mr. St. John submits that on October 1, 2005, his rent increased from $610 to $645 per month. Thus, he requests a maintenance rate of $35.33 per day from March 25, 2005 to October 1, 2005, and a maintenance rate of $36.50 per day from October 1, 2005 until maximum medical recovery.

judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence.  Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in

evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## II.  Application

Seamen have a right to maintenance and cure from their employers for injuries they suffer while in the course of their duties on a vessel.  O'Donnell v. Great Lakes Dredge & Dock Co., 318 U.S. 36, 41-42, 63 S.Ct. 488, 87 L.Ed. 596 (1943); Guevara v. Maritime Overseas Corp., 59 F.3d 1496, 1499 (5th Cir. 1995).  To recover maintenance and cure at the summary judgment stage of proceedings, the plaintiff seaman must show that no genuine issues of material fact exist as to the following factors: (i) plaintiff's engagement as a seaman; (ii) the occurrence, manifestation, or aggravation of an illness or injury while the plaintiff was in the ship's service; (iii) the wages to which the plaintiff may be entitled; and (iv) the plaintiff's expenditures or liabilities incurred for medicine, nursing, care, lodging, or board.  MARTIN NORRIS, THE LAW OF THE SEAMAN § 26:43 (West 2003).  A seaman need not present any proof of negligence or fault on the part of the employer to establish his entitlement to maintenance and cure. Foster, III v. Brian's Trans. Serv. et al., No. 91-4421, 1993 WL 114528, at *2 (E.D. La. 1993).

None dispute that the plaintiff was a seaman injured while in the service of the vessel, and is entitled to maintenance and cure.

However, the plaintiff's rate of maintenance, as well as reimbursement for other particular expenses, is disputed.

## A.  Increase in Rate of Maintenance

The maritime doctrine of maintenance entitles a seaman injured in the service of his ship to food and lodging of the type and quality he would have received aboard the ship. Hall v. Noble Drilling Inc., 242 F.3d 582, 586 (5th Cir. 2001). Maintenance is awarded as a per diem, and the amount of maintenance to which an injured seaman is entitled is a factual question. Caulfield v. AC & D Marine, 633 F.2d 1129, 1132 (5th Cir. 1981). Maintenance is comprised of two different components: (1) the actual expenses for food and lodging incurred by the seaman, compared to (2) the reasonable costs of food and lodging for a seaman living alone in the seaman's locality. Hall, 242 F.3d at 587.

The seaman's burden in producing evidence of actual expenses for purposes of maintenance is "feather light," and the seaman's own self-serving testimony as to the reasonable cost of room and board in the community where he is living is generally sufficient. Yelverton v. Mobile Labs. Inc., 782 F.2d 555, 558 (5th Cir. 1986). Any doubts as to the seaman's actual expenses are resolved in favor of the seaman. Vaughan v. Atkinson, et al., 369 U.S. 527, 532, 82 S.Ct. 997, 1000 (1962).

Additionally, the seaman retains the burden of producing evidence of the reasonable cost of food and lodging in his

5

particular community commensurate with the food and lodging the plaintiff received aboard the ship. Hall, 242 F.3d at 587. This burden can be fulfilled though a variety of forms of proof, including evidence of the seaman's actual expenditures, expert testimony as to the cost of living in the community, standard rates provided for in collective bargaining agreements, and judicial precedent as to maintenance awards. Id.

In support of his motion to increase maintenance, the plaintiff submitted only his unsworn statement under penalty of perjury that his living expenses amounted to $1095 per month or $36.50 per day. Further, plaintiff observes that the Fifth Circuit has stated in dicta that if a seaman rents a one-bedroom apartment for a reasonable amount, he is entitled to reimbursement for his actual lodging expenses. See id. at 589.

However, Mr. St. John has not offered any evidence as to the nature of the food and lodging provided aboard his vessel or whether $36.50 per day is required to obtain the equivalent food and lodging in Pensacola, Florida, where he says he is recovering. Because the plaintiff failed to produce evidence of the reasonableness of his requested maintenance rate, partial summary judgment is inappropriate. See In re: Cooper/T.Smith Stevedoring Co., 95-3312, 1996 WL 34138, *1 (E.D. La. 1996) (plaintiff's motion for partial summary judgment as to rate of maintenance denied because plaintiff failed to present any evidence of the nature of

6

the food and lodging provided aboard the vessel or whether the requested rate of maintenance was necessary to purchase the equivalent of such food and lodging). Even though any doubts as to maintenance are to be resolved in favor of the plaintiff, the Court cannot determine whether the increase in maintenance from $30 per day to $36.50 day is justified, given the limited evidence in the record. Therefore, there are genuine issues of material fact, and the plaintiff's motion for partial summary judgment as to maintenance is denied.

      B.   Reimbursement for Taxi Transportation Generally

Plaintiff contends that Epic has refused to pay for taxi service to obtain his food and medical care. Epic has submitted evidence in the form of Unsworn Declarations by their insurance adjuster, Gina Speerly, that they have paid all submitted taxi receipts for purposes of the plaintiff obtaining food and medical care.[3]

This issue implicates obvious contradictory factual assertions and credibility determinations, inappropriate at the summary judgment stage. Therefore, partial summary judgment is denied as to general taxi transportation issues.

      C.   Reimbursement for Expenses from Trip to Galveston

---

[3] Epic has refused to reimburse the plaintiff for taxi receipts unrelated to food and medical treatment, such as transportation to the pet store, Fedex, GNC Health Store, the veterinarian, and other general errands. That issue is not before the Court.

The plaintiff contends that as a result of the defendant's curative obligations, he is entitled to reimbursement for all expenses incurred during his trip to Galveston, specifically $1300.00 in taxi reimbursements and $90.00 in reimbursement for motel rooms.

The defendant, however, disputes that the plaintiff's treatment by Dr. Teller in Galveston was medically necessary. Specifically, the defendant points to the report of Dr. Thomas Canale, which states that the claimed severity of plaintiff's symptoms are inconsistent with the medically expected effects of an inner ear disorder.

Given the defendant's assertions regarding the extent of the plaintiff's symptoms, genuine issues of material fact exist as to whether the plaintiff's trip to Galveston for medical treatment was medically necessary. Therefore, partial summary judgment is likewise denied as to plaintiff's expenses from his trip to Galveston.

### D. Reimbursement for Curative Medical Treatment

A seaman injured while in the service of his vessel is entitled to curative medical treatment and all associated costs until such time as he reaches maximum medical recovery. The plaintiff contends that he has incurred and continues to incur significant costs related to his medical treatment, particularly costs for treatment by a neurologist, Dr. Jorge Pelaez, and a

neuropsychologist, Dr. Kevin Groom. Further, Mr. St. John contends that Epic has refused to pay for a labyrinthectomy recommended by Dr. Teller. In opposition, Epic submits evidence that they have paid or will continue to pay all medical invoices associated with the plaintiff's necessary curative treatment.

The parties make contrary factual assertions. Determinations of each party's credibility are inappropriate at the summary judgment level.[4] Genuine issues of material fact are patent as to whether the plaintiff has been reimbursed for all curative treatment, and partial summary judgment is wholly inappropriate.

### E. Attorney's Fees and Costs

Finally, the plaintiff asserts that the defendant has acted "arbitrarily and capriciously" and thus should be ordered to pay all attorney's fees and costs associated with this motion for partial summary judgment. A defendant employer is only liable for attorney's fees and costs if the defendant's failure to pay the requested rate of maintenance and cure was egregious, callous and recalcitrant; arbitrary and capricious; or willful, callous, and persistent. For example, an award of attorney's fees and costs is appropriate where: (1) a shipowner fails to conduct any investigation into the seaman's claim for maintenance and cure; (2) a shipowner intentionally withholds maintenance payments despite

---

[4] In fact, the obviousness of the disputed issues of fact, all material ones, suggests this motion borders dangerously on being frivolous.

9

discovering through an investigation that payments were due; (3) a shipowner rejects reimbursement of documented claims because the seaman did not consult the owner before seeking treatment for his injury and because the seaman filed suit; or (4) a shipowner withholds payments on a pretextual basis or because the seaman rejected a settlement offer.  Morales v.Garijak, Inc., 829 F.2d 1355, 1358 (5th Cir. 1987) (subsequently superseded as to standard for recovery of punitive damages, see Guevara v. Maritime Overseas Corp., 59 F.3d 1496 (5th Cir. 1995)).  In summary, to support an award of attorney's fees, the plaintiff must show elements of bad faith on the part of the defendant.  Parker v. Water Towing Co., Nos. 90-0546, 90-2979, 1991 WL 13928, at *8 (E.D. La. Jan. 28, 1991).  He has failed to do so.

It is uncontested that the defendant has already paid a large portion of the plaintiff's expenses, specifically paying the plaintiff maintenance of $30.00 per day since his injury and reimbursing the plaintiff for a significant amount of his curative expenses.  Furthermore, although the plaintiff seeks an increase in his rate of maintenance and reimbursement for additional living expenses, there are genuine issues of material fact as to the appropriate rate of maintenance, and reimbursement for reasonably questioned expenses.  Therefore, plaintiff's motion for recovery of attorney's fees and costs is also denied.

Accordingly, for all of these reasons, the plaintiff's motion

for partial summary judgment as to maintenance and cure is denied.

New Orleans, Louisiana, December 7, 2005.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE